IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:23-cr-0068-HFS |
| | ) | |
| v. | ) | |
| | ) | |
| Ahmad Rashad Rhodes, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Having reviewed the record and briefing, I will ADOPT the Report and Recommendation (Doc. 38) and deny the motion to suppress (Doc. 22).

Summarily stating my reasoning, defendant now makes no direct attack on the voluntary nature of the signed agreement to search. Instead, counsel asks treatment of the search as the product (or "fruit") of a wrongful arrest and challenges the Report as failing to identify the time of the arrest, which occurred after a Terry Stop. It is difficult to separate the involuntary nature of a Terry investigation and an ensuing arrest. In this case, I am inclined to accept Detective Garcia's view that when defendant was subdued and hand-cuffed he was for the first time essentially under arrest. (Doc. 34, Hearing Tr. 75). While defendant criticizes the hand-cuffing, no authority is cited to invalidate the actions of the officers under all the circumstances, after a gun was identified, albeit in a fanny-pack. There was sufficient cause for an arrest if the event should be so characterized. The nature of the arrest cannot, therefore, taint the subsequent consent to a search.

Moreover, it can hardly be claimed that the arrest caused the written consent to a search. Magistrate Judge Gaddy concluded appropriately that the defendant gave voluntary consent to the search, and defendant does not belabor that issue. It seems doubtful that even if the conduct of the officers was legally excessive, the circumstances here merit capital punishment for this case. There would still be an issue of whether the consent was "sufficiently attenuated" from an unlawful arrest. While clearly not attenuated in timing, the search was attenuated in causation. It was not the "fruit" of any illegality. The Motion to Suppress Evidence (Doc. 22) is hereby DENIED.

                                                              /s/ Howard F. Sachs
                                                          HOWARD F. SACHS
                                                          UNITED STATES DISTRICT JUDGE

Dated: November 14, 2023
Kansas City, Missouri